FRANCIS A. WILLIAMS *ads.* OSMON REED.

If a party upon whom a summons is served is induced to come into this state by a deception practised upon him by the plaintiff, for the purpose of serving the summons, such service is not good, and the court will set aside the writ on the application of the defendant.

---

On motion to set aside summons.

Argued before Justices OGDEN and VAN DYKE.

The opinion of the court was delivered by

VAN DYKE, J. This is a motion made, on notice and affidavits, to set aside a summons served on the defendant, on the ground that he was enticed by the plaintiff from the State of New York, where both the parties resided, into this state, that he might have the process of

this court served upon him, and be rendered amenable to our jurisdiction.

It appears, by the evidence, that the writ was handed to the deputy sheriff, with the information that the plaintiff's attorney or his boy would point out the defendant to him. He accordingly placed himself at the ferry at Jersey City, and a few minutes after twelve o'clock the plaintiff's attorney informed him that the defendant was then over on this side, and pointed out the store into which he had gone, and then was. After waiting some five minutes, the defendant came out of the store. The attorney pointed him out to the sheriff, and he served the process upon him. The defendant then went immediately with the plaintiff, who was with him, to the ferry boat to cross over to New York.

It appears also, from the evidence of the defendant, that the foreman or assistant of the plaintiff had been to see him, the defendant, and had arranged a meeting between the plaintiff and defendant in the city of New York on the day on which the process was served. The meeting took place, and at that meeting the plaintiff requested the defendant to go with him to the store of Mr. Powers, at Jersey City, to explain something about a factory. The defendant agreed to go, to oblige the plaintiff, and they both hurried over to Jersey City. On the ferry boat, the plaintiff explained to the defendant that he was about exchanging the factory with Powers for some other property. On arriving at the store of Powers the defendant failed to discover that either party had any need of him; but after having been in the store but a very short time, and after some little conversation about the exchange of property, the plaintiff declared himself in haste; that he had to go to Philadelphia on that day, but when he returned he would call and see Mr. Powers again. The parties then left the store together, and immediately after getting out the defendant was met by the deputy sheriff, who served the summons upon him, as before stated. The defendant

Williams ads. Reed

then charged the plaintiff with having got him over to Jersey City for the purpose of having the summons served on him. According to the evidence of the defendant, the plaintiff did not deny this charge, but, in substance, admitted it.

The plaintiff was himself examined at some length in the matter, but he does not in any way deny or contradict the charge brought against him. I shall consider, therefore, that the fact is abundantly proved, that the plaintiff, under a mere show or false pretence, decoyed and inveigled the defendant, when he would not otherwise have come from the State of New York into our jurisdiction, for the sole purpose of having this process served upon him, the arrangement for doing which had been previously made, and the question is, whether the court should sustain this proceeding ; whether this is a proper or an improper use of the court's process. I cannot suppose the courts were established for any such purpose. To aid in fraud, deceit, or wrong, in any form, is no part of their business. To prevent and suppress all such things is their highest duty. To permit a party to take advantage of his own wrong is what the law abhors. I can see but little difference in principle between the case, as presented, and the case of seizing a person on the New York side, and carrying him over by force, to be served with process on this side. Surely, we would resist this in behalf of our own citizens, if taken from us and subjected to the expense and inconvenience, if not the peril, of a strange and foreign jurisdiction, whether done by force or by gross fraud or deception ; and common justice, as well as common courtesy to our neighbors, requires that we should do to them as we would have them do to us in such cases, and that we should not permit the power of our courts to be successfully invoked to aid in the practice of trickery, dishonesty, or oppression of any kind.

The plaintiff seems disposed to justify himself in this proceeding by attempting to show that he had a cause of

action against the defendant. This is disputed, but if we admit it to be so, it cannot affect the question before us. If it were a local action, that could only be brought in New Jersey, there might, for that reason, possibly be something said in extenuation of the course pursued ; but no such thing is pretended, and the question is not whether the plaintiff had the right to sue the defendant in a lawful and proper way, but whether he had a right to sue him in an unlawful and improper way, even with a good cause of action.

I think the proceedings of the plaintiff are wholly unjustifiable and wrong, and that the courts should set themselves sternly against any such practice.

Let the summons be set aside, and for nothing holden.